*Law Office of*
*Francisco E. Celedonio, Esq.*
*401 Broadway, 25th Fl.*
*New York, New York 10013*

*(212) 219-7533*                                                                                              *Fax (212) 219-4094*

April 17, 2008

**VIA ECF AND BY HAND DELIVERY**
Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Pedro Ortiz,*
*a/k/a Angel Lebron,* 08 Cr. 49 (NRB)

Dear Judge Buchwald:

      This sentencing memorandum is submitted in connection with the sentencing of Mr. Angel Lebron, scheduled for April 21, 2008.

      In light of the paucity of any significant legal and factual dispute, as well as the application of the United States Sentencing Guidelines ("Guidelines") and the statutory mandatory minimum under 18 U.S.C. § 841(b)(1)(B), this submission seeks that the Court follow the recommendation of the United States Department of Probation and sentence Mr. Lebron to a 60-month period on incarceration.

**I    INTRODUCTION**

      As the Court is aware, on January 25, 2008 Mr. Angel Lebron pled guilty before United States Magistrate Judge Gabriel Gorenstein pursuant to a plea agreement which contained the following calculation under the Guidelines: (i) a base offense level of 26; (ii) a 3-level downward adjustment for acceptance of responsibility, arriving at an adjusted offense level of 23; and, (iii) in Criminal History Category III, a stipulated advisory Guidelines sentencing range of

*Hon. Naomi Riece Buchwald,U.S.D.J.*
*United States v. Angel Lebron*
*April 17, 2008*

57-70 month's incarceration. The 5-year statutory minimum brings the relevant Guidelines to 60-71 months.

The Pre-Sentence Investigation Report's sentencing analysis mirrors that embodied in the plea agreement. We disagree, however, with that part of the PSI that recommends a $2,000 fine. We respectfully submit the Court should eschew any fine given (i) this defendant's indigent status, (ii) the paucity of monies gained from the commission of the offense, and (iii) the drug abuse history that is at the center of this defendant's participation in the offense of conviction. Moreover, we note that the PSI admits that Mr. Lebron has no assets or source of income, and that he has an outstanding judgment against him in favor of the New York State Tax Commission. *See* PSR at ¶ 64.

**II      THE CHARGED OFFENSE**

In light of the plea agreement, the plea allocution before the Magistrate Court, as well as the facts presented in the PSI, we will respectfully assume the Court's familiarity with the relevant underlying facts.

**III     ANGEL LEBRON'S PERSONAL AND FAMILY HISTORY**

Angel Lebron is a 44-year old native of New York City. Perhaps the most telling element of Angel Lebron's personal and family history is the persistent history of drug abuse. Indeed, Probation specifically notes that Mr. Lebron began a pattern of weekly cocaine usage at age fifteen (15); he began smoking marijuana at age eighteen (18). Amazingly, in a **thirty year** career of narcotics abuse – one that has admittedly included incarceration – Mr. Lebron has never been provided the singular item that could have changed his life: **a substance abuse treatment program**.

*Hon. Naomi Riece Buchwald,U.S.D.J.*
*United States v. Angel Lebron*
*April 17, 2008*

    A.    *Family and Community Ties*

As documented in the PSR, *see* ¶ 43-52, Angel Lebron has established substantial relationships and community contacts with his mother, Dominiqua Sepulveda, his children, and his fiancé, Migdalia Vargas, with whom he has a relationship that has spanned over twenty years.

    B.    *Educational History*

Angel Lebron attended DeWitt Clinton High School, dropping out during his freshman year. Thus, at a young age Mr. Lebron was never provided the tools ordinarily necessary to build future success. *See* PSI at ¶ 58.

    C.    *Employment History*

Although sporadic, it is undeniable that Angel Lebron has a history of employment. *See* PSI at ¶ 59-63. Given the paucity of educational opportunities and the persistent history of drug abuse, it is not surprising that Mr. Lebron's employment history is erratic.

    D.    *Substance Abuse History*

As previously noted, Angel Lebron has a substantial history of drug abuse, including cocaine abuse since age 15 and marijuana usage intermittently. *See* PSI at ¶ 56-57. Despite this history, however, Mr. Lebron has never received any substance abuse counseling.

**IV    APPLICABLE LEGAL PRINCIPLES**

    A.    *The Sentencing Reform Act in Light of Booker/Fanfan*

As we trust the Court's knowledge and understanding of its sentencing authority we will not attempt to provide an exegesis of federal sentencing law in the wake of the Supreme Court's decision in *Booker/Fanfan*, or the Second Circuit's decision in *United States v. Crosby*, 307 F.3d 103 (2d Cir. 2005). We also realize the limited sentencing discretion available to the

Hon. Naomi Riece Buchwald, U.S.D.J.
United States v. Angel Lebron
April 17, 2008

Court given the applicable Guidelines and the statutory mandatory minimum sentence required under § 841(b)(1)(B).  Nevertheless, we think it important to attempt to provide the Court some guidance from the defense perspective.

*Sentencing Factors Under 18 U.S.C. § 3553*

Of course, notwithstanding *Booker/Fanfan*, 18 U.S.C. § 3553 provides the statutory authority and framework for sentencing in federal court.  *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984).  In enacting the Sentencing Reform Act Congress expressly stated that courts "shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of criminal sanctions.  18 U.S.C. §§ 3553(a).  The Sentencing Reform Act explicitly delineates the purposes of criminal sanctions.  Section 3551(a) provides that every defendant "shall be sentenced . . . so as to **achieve the purposes** set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable **in light of all the circumstances of the case**." (emphasis added).

*Sufficient But Not Greater Than Necessary*

As noted earlier, 18 U.S.C. § 3553(a) expressly provides for a sentence "not greater than necessary" to achieve the purposes of sentencing.  *United States v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992)("the United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom") *cited in United States v. Blarek II*, 7 F. Supp.2d at 210.  This statutory mandate takes on new meaning in light of *Booker/Fanfan* for the obvious reason that judges are now permitted to weigh factors previously prohibited in achieving a just sentence.  Perhaps more than any other factor in the statutory scheme of the Sentencing Reform Act, the goal of imposing a sentence "not greater than necessary" is synonymous with doing justice.

4

Hon. Naomi Riece Buchwald, U.S.D.J.
*United States v. Angel Lebron*
April 17, 2008

### B.    § 3553(a)(1): Offender Characteristics

As already noted herein, Angel Lebron's life has been marred by a paucity of educational opportunities and persistent drug abuse. We respectfully submit that it is impossible to overstate the significance of these factors in assessing the life of Angel Lebron, particularly given the systemic failure of the criminal justice system to provide him any opportunity to obtain drug counseling or rehabilitation.

### C.    § 3553(a)(2): The Purposes of Sentencing

Subparagraphs (A) through (D) of 18 U.S.C. § 3553(a)(2) instruct courts to consider the necessity of the sentence imposed: (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other, correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2)(A)-(D). *See, generally, United States v. Blareck II*, 7 F.Supp.2d 192 (E.D.N.Y. 1998). We respectfully submit that the purposes of sentencing as outlined in § 3553(A)(2)(A)-(D) would be furthered by the sentence recommended by Probation. Moreover, there is a paucity of aggravating factors that would require a sentence beyond 60 months.

*§ 3553(a)(2)(A): The seriousness of the offense,*
*Respect for the Law, and Just Punishment*

The concepts embodied in § 3553(a)(2)(A) are interrelated and necessarily vary from case to case, depending on the nature of the offense, the underlying facts, and the defendant. There can be no more difficult task than the assessment of what constitutes a "just" sentence in any given case.

*Hon. Naomi Riece Buchwald,U.S.D.J.*
*United States v. Angel Lebron*
*April 17, 2008*

*§ 3553(a)(2)(B) and 3553(a)(2)(C): General and Specific Deterrence*

Section 3553(a)(2)(B) instructs this Court to consider "the need for the sentence imposed" to afford "adequate deterrence to criminal conduct." Deterrence, however, must be seen in light of the mandate of § 3553(a) that a sentence not be "greater than necessary." The concept of general deterrence, like the concept of a "just sentence," is necessarily not subject to precise definition.

*§ 3553(a)(2)(D): Provision of Educational*
*or Vocational Training*

Section 3553(a)(2)(D) requires this Court to consider the need to provide the defendant educational or vocational training, medical care, or other correctional treatment in the "most effective manner." Thus, rehabilitation and the improvement of the defendant are express goals of sentencing. *See Harmelin v. Michigan,* 501 U.S. 957, 999 (1991); and *United States v. Giraldo*, 822 F.2d 205, 210 (2d Cir.), *cert. denied*, 484 U.S. 969 (1987). Rehabilitation is designed to instill "in the offender proper values and attitudes, by bolstering respect for himself and institutions, and by providing [] the means of leading a productive life." *See* Charles E. Torcia, 1 *Wharton's Criminal Law,* § 18 (15th ed. 1993).

In the context of the history and characteristics of Angel Lebron, the provision of drug treatment and rehabilitation is the single most important goal to be furthered by incarceration. We submit that the statutory mandatory minimum provides ample opportunity to provide him drug rehabilitation

    D.    *§ 3553(a)(3): The Kinds of Sentences Available*

The sentence advocated by Probation is fully available to this Court.

*Hon. Naomi Riece Buchwald,U.S.D.J.*
*United States v. Angel Lebron*
*April 17, 2008*

      E.    *§ 3553(a)(4) & § 3553(a)(5): The Advisory Guidelines*

Although the Guidelines are now advisory, we recognize the Court's obligation to consult and address the applicable Guidelines sentence. Under the Guidelines the Court has broad discretion in forging an appropriate sentence.

      F.    *§ 3553(a)(6): Avoiding Sentencing Disparity*
             *Among Similarly Situated Defendants*

A sixty-month sentence is consistent with the goal of avoiding sentencing disparities.

**V    SENTENCING RECOMMENDATION**

In light of the facts and circumstances discussed herein, we request the Court sentence Angel Lebron to the mandatory statutory minimum sentence. We also request the Court not impose a fine as this defendant does not currently have, nor is he likely to have, the resources to pay a fine.

I thank the Court for its consideration of the issues presented herein.

*Respectfully Submitted,*

Francisco E. Celedonio, Esq.

cc: AUSA Christopher Lavigne